IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| DOUGLAS ROBERTS ROACH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 1:20-cv-00029 |
| | ) |
| TENNESSEE DEPARTMENT OF | ) JUDGE CAMPBELL |
| CORRECTION, et al., | ) MAGISTRATE JUDGE HOLMES |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Douglas Roberts Roach, a pretrial detainee in the custody of the Maury County Jail in Columbia, Tennessee, has filed a pro se complaint for violation of civil rights pursuant to 42 U.S.C. § 1983 (Doc. No. 1) and has paid the filing fee. (*See* Doc. No. 4.)

However, a cursory review of the complaint reveals that it is deficient and must be re-drafted. Plaintiff purports to sue the Tennessee Department of Correction, the Maury County Sheriff's Department/Jail, Maury County Sheriff Bucky Rowland, Kellwell Food Management, Southern Health Partners, and Sgt. Jackson, an officer within the Maury County Sheriff's Department (Doc. No. 1 at 2–5), seeking compensatory damages in an undetermined amount and "punitive damages in the amount of 250 million dollars for the cruel and unusual punishments infl[i]cted by the defendants," "which includes constant torture and daily harassments." (*Id.* at 17.) His factual allegations related to these claims are provided in a list of 65 discrete, largely unrelated, and mostly one-line descriptions of interactions that occurred, or conditions that he endured, while he was housed at the Maury County Jail between September 2017 and the present. (*Id.* at 9–14.)

This laundry list of allegations suffers from multiple deficiencies. Aside from the apparent untimeliness of Section 1983 claims that accrued more than one year prior to the filing of the

complaint, *see Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005) (applying one-year state statute of limitations to § 1983 action), most of Plaintiff's allegations fail to specify which among the Defendants was responsible for the deprivation described therein. Furthermore, the variety of claims concerning unrelated incidents and conditions of Plaintiff's confinement at the Jail are not properly pursued in the same lawsuit. The Federal Rules of Civil Procedure permit the joinder in a single complaint of all claims against a single opposing party, and they permit the joinder of all defendants alleged to be liable for "the same transaction, occurrence, or series of transactions or occurrences" where "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 18(a) and 20(a)(2). But they do not permit the conglomeration of unrelated claims against unrelated defendants in a single lawsuit. *See*, *e.g.*, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (under federal joinder rules, "[u]nrelated claims against different defendants belong in different suits"); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009) ("[P]laintiffs, especially prisoners, do not have free reign to join multiple claims and defendants in any manner they choose.").

Accordingly, within **30 days** of the entry of this Order, Plaintiff must file an amended complaint in which he (1) clearly identifies his claims related to particular occurrences that violated his rights, (2) describes the particular actions and/or inactions of each defendant about which he complains, and (3) provides the approximate date of each such occurrence. The amended complaint must not join unrelated claims against unrelated parties. The style of the amended complaint must include the docket number of this case: **No. 1:20-cv-00029**.

The Clerk is **DIRECTED** to mail Plaintiff a blank Section 1983 complaint form for his use in complying with this Order. That mailing must be directed to Plaintiff at the address listed in his complaint (Doc. No. 1 at 22)—Douglas Robert Roach, Inmate #6917, 1300 Lawson White

Dr., Columbia, TN 38401—rather than the residential address listed on the docket of this case.[1] The Clerk is further **DIRECTED** to make this change to Plaintiff's address on the docket.

Finally, Plaintiff is cautioned that if he does not comply with this Order (or seek an extension of time within which to do so) within the time frame specified, or if he fails to promptly notify the Court of any change in his address, this action may be dismissed for failure to prosecute and for failure to comply with the Court's Order.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[1] It appears that the complaint was mailed from the residence of a family member. (*See* Doc. No. 1 at 25.)